**Donald H. MATHES and Patricia Marie Mathes, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 77-3164
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 10, 1978.

Donald H. Mathes, Patricia Marie Mathes, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, App. Section, Stuart E. Seigel, Chief Counsel, IRS, Crombie J. D. Garrett, Gayle P. Miller, Attys., Tax. Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Taxpayers, Donald and Patricia Mathes, are husband and wife and filed their 1973 and 1974 tax returns jointly. On May 20, 1975, taxpayers filed a Form 1040 return which they denominated "Amended 5–19–75 for Statutory Dollars" for 1973. On this amended return they reported as income approximately 40% of the amount on the original return. They repeated this process for their 1974 return. This discount upon the face value was, according to taxpayers, based upon statutes which define "the standard United States dollar . . . as either a specific weight of gold in a coin or a specific weight of silver in a coin."

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

After an audit, the Commissioner of Internal Revenue issued a deficiency assessment based upon the face amount of income received by taxpayers in Federal Reserve Notes. The taxpayers filed a petition in the United States Tax Court challenging the deficiency assessment. The Tax Court rejected the challenge and taxpayers appeal.

Taxpayers first assert that they have a legal right to choose a lawful method of reporting income which in their case is to report their income of "notes" in terms of lawful, statutory dollars. Taxpayers correctly state that "[t]he legal right of a taxpayer to decrease the amount of what otherwise would be his taxes, or altogether avoid them, by means which the law permits, cannot be doubted." *Gregory v. Helvering*, 293 U.S. 465, 469, 55 S.Ct. 266, 267, 79 L.Ed. 596 (1935). However, the method used by these taxpayers to reduce their taxes is not a legal method.

Close to a century ago, the Supreme Court stated:

Under the power to borrow money on the credit of the United States, and to issue circulating notes for the money borrowed, [Congress'] power to define the quality and force of those notes as currency is as broad as the like power over a metallic currency under the power to coin money and to regulate the value thereof. Under the two powers, taken together, *Congress is authorized to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes, as regards the national government or private individuals.* . . .
(Emphasis added)
*Juilliard v. Greenman*, 110 U.S. 421, 448, 4 S.Ct. 122, 130, 28 L.Ed. 204 (1884).

■ Congress has delegated the power to establish this national currency which is lawful money to the Federal Reserve System. 12 U.S.C. § 411. Congress has made the Federal Reserve note the measure of value in our monetary system, 12 U.S.C. § 412 (1968),[1] and has defined Federal Reserve notes as legal tender for taxes, 31 U.S.C. § 392 (1965). Taxpayers' attempt to devalue the Federal Reserve notes they received as income is, therefore, not lawful under the laws of the United States.

■ Taxpayers also assert they were denied their Seventh Amendment right to trial by jury before the Tax Court. The Seventh Amendment preserves the right to jury trial "in suits at common law." Since there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States. *See* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2314, at 68–69 (1971). Thus, there is a right to a jury trial in actions against the United States only if a statute so provides. Congress has not so provided when the taxpayer elects not to pay the assessment and sue for a redetermination in the Tax Court. For a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in district court. 28 U.S.C. §§ 2402 and 1346(a)(1). The law is therefore clear that a taxpayer who elects to

1. Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. *Such application shall be accompanied with a tender to the local Federal Reserve agent or collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application.* The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under the provisions of sections 82, 342–347, 347c, and 372 of this title, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of sections 348a and 353 359 of this title, or bankers' acceptances purchased under the provisions of said sections 348a and 353–359 of this title, or gold certificates, or Special Drawing Right certificates, or direct obligations of the United States. *In no event shall such collateral security be less than the amount of Federal Reserve notes applied for.* The Federal Reserve agents shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. (Emphasis added)

bring his suit in the Tax Court has no right, statutory or constitutional, to a trial by jury. *Phillips v. Commissioner*, 283 U.S. 589, 599 n. 9, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); *Wickwire v. Reinecke*, 275 U.S. 101, 105–106, 48 S.Ct. 43, 72 L.Ed. 184 (1927); *Dorl v. Commissioner*, 507 F.2d 406, 407 (2d Cir. 1974) (holding it "elementary that there is no right to a jury trial in the Tax Court.")

One other issue the taxpayers raise is that the Tax Court judge violated the Canons of Judicial Ethics in deciding this case for the Internal Revenue Service. Although the Tax Court's opinion did not answer every argument, statute, and case cited by the taxpayers (as ours does not) and the opinion did not give an analysis of its decision, the decision was grounded upon the Constitution and the laws of the United States.

AFFIRMED.