**Ralph L. ROGERS, Petitioner,**

v.

**UNITED STATES of America, Commissioner of Internal Revenue Roscoe L. Egger, Jr., United States Tax Court Chief, Department of Treasury, Respondents.**

**No. C-3-81-493.**

United States District Court, S. D. Ohio, W. D.

Feb. 17, 1982.

---

Ralph L. Rogers, Kettering, Ohio, for petitioner.

Jason P. Green, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for respondents.

DECISION AND ENTRY SUSTAINING RESPONDENTS' MOTION TO DISMISS UPON GROUND THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION AND THAT THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; CASE DISMISSED; TERMINATION ENTRY

RICE, District Judge.

The captioned cause has its origins in a dispute between petitioner and the Internal Revenue Service ("IRS"), over the amount of taxes due from petitioner during the tax years, 1974–1977. On May 19, 1980, the IRS issued to petitioner a statutory notice of deficiency. On August 18, 1980, petitioner filed a petition with the United States Tax Court. He later filed a demand for a jury trial which was denied by the Tax Court on or about December 8, 1980.

Thereafter, on September 28, 1981, petitioner filed the instant action against the named respondents on the ground that the Tax Court's denial of his jury demand con-

stituted a violation of his rights under the Seventh Amendment. Petitioner also requested an order from this Court restraining the Tax Court from taking any action on his petition until the jury issue could be resolved. On November 5, 1981, the Tax Court entered judgment in favor of the IRS.

This matter is now before this Court on respondents' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P. Based upon the reasoning set forth in respondents' memorandum in support of their motion (doc. # 3), and the authority cited therein, the Court concludes that respondents' motion to dismiss is well taken and same is, therefore, granted in its entirety.

The respondents are correct in each of their assertions. The Court has no jurisdiction over the matters raised in the petition and, even if it did, petitioner has set forth no claim upon which relief can be granted.

■ First and foremost, petitioner's claim that the Tax Court's denial of his jury demand constitutes a violation of his Seventh Amendment right to a trial by jury is totally without merit. There is no right to a jury trial in civil tax matters as a requirement of the Seventh Amendment. *Olshausen v. C. I. R.*, 273 F.2d 23 (9th Cir. 1960), *cert. denied*, 363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517. As noted by respondents herein, *Mathes v. C. I. R.*, 576 F.2d 70, 71, (5th Cir. 1978) contains a succinct statement and explanation regarding the absence of a Seventh Amendment right to a jury trial in the Tax Court:

> Taxpayers also assert that they were denied their Seventh Amendment right to a trial by jury before the Tax Court. The Seventh Amendment preserves the right to jury trials "in suits at common law." Since there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States. Thus, there is a right to a jury trial in actions against the United States only if a statute so provides. Congress has not so provided when the taxpayer elects not to pay the assessment and sue for a redetermination in the Tax Court. (citation omitted)

> For a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in District Court. 28 U.S.C. §§ 2402 and 1346(a)(1). The law is therefore clear that a taxpayer who elects to bring his suit in the Tax Court has no right, statutory or constitutional, to a trial by jury. *Phillips v. Commissioner*, 283 U.S. 589, 599 n.9 [51 S.Ct. 608, 612 n.9, 75 L.Ed. 1289] (1931); *Wickwire v. Reinecke*, 275 U.S. 101, 105–106 [48 S.Ct. 43, 44–45, 72 L.Ed. 184] (1927); *Dorl v. Commissioner*, 507 F.2d 406, 407 (2d Cir. 1974) (holding it "elementary that there is no right to a jury trial in the Tax Court.").

■ Additionally, respondents are quite correct that petitioner's request for injunctive relief is beyond the scope of this Court's subject matter jurisdiction. 26 U.S.C. § 7421 specifically states, "No suit for the purpose 'of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." Thus, even if this request had not, in effect, become mooted by virtue of the fact that the Tax Court has already entered judgment in favor of the IRS, this Court would have no authority to interfere with the Tax Court proceedings.

The provisions relied upon by petitioner in his jurisdictional statement, *i.e.*, Art. III, § 2, U.S.Const.; 5 U.S.C. § 706; and Rule 16, Temporary Emergency Court of Appeals Rules, do not support petitioner's position that this Court has the power to hear his claims. Art. III, § 2, cl. 1, is the general constitutional grant of jurisdiction to federal courts; however, it is not self-effectuating. Absent a statutory grant of authority, for example, under 28 U.S.C. § 1346(a)(1), the Court lacks jurisdiction to hear the claims asserted. Had petitioner opted to pay the deficiency assessed against him, he would have been entitled to file an action

under section 1346(a)(1), and would have had a statutory right to a jury trial. However, by declining to pay first, petitioner failed to satisfy the jurisdictional prerequisites. *See, Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (held full payment of assessment condition precedent to suit in District Court under section 1346(a)(1)).

■ 5 U.S.C. § 706, which, of course, is part of the Administrative Procedure Act, has no application in this case since the proceeding about which petitioner complains was initiated in the United States Tax Court, which is an Art. I or legislative court, and not an administrative body. Similarly, Rule 16, Temporary Emergency Court of Appeals Rules, which provides for certification of constitutional questions by a district court to a court of appeals, is inapplicable in this case. The Temporary Emergency Courts of Appeal were created for the sole purpose of hearing matters arising under the Economic Stabilization Act Amendments of 1971.

Petitioner may have a legitimate claim of erroneous or illegal assessment for the tax years in question. However, he does not have a cognizable Seventh Amendment claim, nor has he asserted any other claim over which this Court has subject matter jurisdiction or upon which this Court can grant the requested relief. Any claim that he has should, at this point, be raised to the Court of Appeals if the time for filing notice of appeal has not yet expired.

WHEREFORE, based upon the aforesaid, this Court sustains the Motion of the Defendants, seeking an Order of the Court dismissing the captioned cause because the Complaint fails to state a claim upon which relief can be granted and, further, for the reason of this Court's lack of subject matter jurisdiction. The captioned cause is ordered dismissed, with prejudice to a new action.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Counsel should take note that this Decision is also in the form of a judgment entry. Therefore, the time for prosecuting an appeal to the Sixth Circuit Court of Appeals must be computed from the date upon which this Decision and Entry is filed.