Jon C. THOMAS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 88-0529C(6).

United States District Court, E.D. Missouri, E.D.

Oct. 5, 1988.

---

**1022**

Bernard W. Gerdelman, Coburn, Croft and Putzell, Mark Keaney, Lewis & Rice, St. Louis, Mo., for limited partners of Rhineland Cattle partners.

Daniel F. Ross, Reviewer, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on plaintiff's request for leave to amend the jurisdictional allegations of his complaint and defendant's motion to strike plaintiff's demand for a jury trial.

Upon consideration of the parties' arguments the Court concludes that plaintiff is not entitled to a jury trial in this matter and that his request for leave to amend his jurisdictional allegations should be denied.

By this action plaintiff, the tax matters partner of Rhineland Cattle Partners III, contests a final partnership administrative adjustment issued by the Internal Revenue Service (IRS). This suit is authorized by 26 U.S.C. § 6226(a)(2) which provides in pertinent part:

*Judicial review of final partnership administrative adjustments*

(a) Petition by tax matters partner— Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for readjustment of the partnership items for such taxable year with— ... (2) the district court of the United States for the district in which the partnership's principal place of business is located ...

Pursuant to 28 U.S.C. § 1346(e) this Court has "original jurisdiction of any civil action against the United States provided in § 6226 ... of the Internal Revenue Code...." Section 2402 of title 28 which governs the right to jury trials in actions against the United States provides that actions under § 1346, with the exception of actions under § 1346(a)(1), "shall be tried by the court without a jury." Plaintiff's original complaint makes no reference to 28 U.S.C. § 1346(e) but erroneously states that this Court has jurisdiction of this cause pursuant to 26 U.S.C. § 6226(a)(2). Plaintiff now seeks leave to amend his complaint to provide that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1346(a)(1) which provides as follows:

(a) The district courts shall have original jurisdiction ... of: (1) any civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

Plaintiff asserts that § 1346(a)(1) is applicable to the instant suit and that he is entitled to a jury trial in this matter pursuant to 28 U.S.C. § 2402 because plaintiff has, in accordance with 26 U.S.C. § 6226(e)(1), deposited with the IRS funds equal to the amount by which his tax liability would be increased if the final partnership administrative adjustment is sustained. Plaintiff contends that this deposit amounts to payment of a disputed tax assessment and that he is entitled to a jury trial because he has paid an erroneously assessed tax and now seeks a redetermination of his liability. *Mathes v. CIR*, 576 F.2d 70, 71 (5th Cir.1978).

The Court finds plaintiff's argument without merit. Section 6226(e)(3) explicitly provides that funds deposited with the IRS pursuant to section 6226(e)(1) as a jurisdictional prerequisite to the maintenance of suit "shall not be treated as a payment of tax" for purposes of title 26. Thus it is clear that plaintiff's deposit of funds under § 6226(e)(1) is not a payment of tax "erroneously or illegally assessed ... or in any manner wrongfully collected" within the

meaning of 28 U.S.C. § 1346(a)(1). Furthermore, if plaintiff's contention was correct, it would render section 1346(e) wholly superfluous. The deposit of funds under 26 U.S.C. § 6226(e)(1) is a mandatory prerequisite to the maintenance of an action in district court under § 6226. Therefore if plaintiff's contention was correct, every suit under this section would be a suit to recover a wrongfully assessed tax for which jurisdiction would lie under 28 U.S.C. § 1346(a)(1) rather than section 1346(e). Statutory interpretations which render sections of the statute nugatory are clearly disfavored and the Court refuses to adopt such an interpretation in this case.

Accordingly, the Court concludes that plaintiff's motion to amend his jurisdictional allegations must be denied because jurisdiction in this matter does not lie under 28 U.S.C. § 1346(a)(1). In addition, the Court concludes that it has jurisdiction of this action under 26 U.S.C. § 6226 pursuant to 28 U.S.C. § 1346(e) and therefore plaintiff is not entitled to a jury trial in this matter. 28 U.S.C. § 2402.

## ORDER

IT IS HEREBY ORDERED that plaintiff's motion to consolidate the actions entitled *Jon C. Thomas v. United States of America,* No. 88–0529C(6) with *Jon C. Thomas v. United States of America,* No. 88–0530C(3) and *Jon C. Thomas v. United States of America,* No. 88–0531C(5) be and it is granted.

IT IS FURTHER ORDERED that the request of plaintiff Jon Thomas for leave to amend his complaint be and it is denied.

IT IS FURTHER ORDERED that the motion of defendant United States of America to strike plaintiff's demand for a jury trial be and it is granted.