47 F.3d 1168
 74 A.F.T.R.2d 94-7036
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EASTWOOD MALL, INC., Tax Matters Partner of Meadowbrook Mall
Company, an Ohio Limited Partnership, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-3757.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1994.
 
 On Appeal from the United States District Court for the Northern District of Ohio.
 N.D.Ohio
 VACATED AND REMANDED.
 Before: KEITH and DAUGHTREY, Circuit Judges, and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 This tax case is ostensibly before us on the merits, which involve the amount of depreciation deduction available in connection with land preparation costs in the construction of a West Virginia shopping mall. As it turns out, however, a procedural error prevents us from addressing the merits and requires a limited remand.
 
 I.
 
 2
 The land preparation at issue here required the developers of Meadowbrook Mall to level 100 mountainous acres by a "balanced cut and fill process" and to construct what amounts to a plateau, on which the mall was then constructed. Claiming that the land as developed was part of the "substructure" of the mall, Meadowbrook proposed to deduct as depreciation the entire $43 million it spent on land preparation. Of this amount, the IRS eventually allowed as depreciable all but $9.7 million, which was attributable to clearing the land of trees, shrubs, and topsoil; blasting the underlying rock; and moving the earth around to construct the plateau. (The remainder of the $43 million was expended for non-disputed items such as sewers, water lines, pipes, telephone lines, parking lots, landscaping, and the costs of trenches and ditching for the foundations and utilities.)
 
 
 3
 When Eastwood Mall, Inc., the tax matters partner of Meadowbrook, received final notice of disallowance, it elected, under 26 U.S.C. Sec. 6226(e)(1), to deposit with the Secretary of the Treasury the amount by which Meadowbrook's tax liability for the years in question would be increased should the Commissioner's determination ultimately be upheld. Eastwood then filed a petition for readjustment of its tax bill in district court, pursuant to 26 U.S.C. Sec. 6226(a), and requested a jury. The case proceeded to trial, and the jury found in favor of the defendant.
 
 
 4
 Four days after the verdict was returned, but before entry of judgment, government attorneys discovered that the matter was not triable by jury. They then filed both a motion to enter judgment on the jury's verdict and, in the alternative, a motion to treat the jury's verdict as advisory only. On the same day, the district judge granted the government's motion to enter judgment in a marginal entry and entered judgment on the verdict in the defendant's favor, without making findings of fact or conclusions of law.
 
 II.
 
 5
 District court jurisdiction over actions brought pursuant to Sec. 6226 is specifically granted by 28 U.S.C. Sec. 1346, which provides:
 
 
 6
 (a) The district courts shall have original jurisdiction concurrent with the United States Court of Claims, of:
 
 
 7
 (1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws;
 
 
 8
 * * *
 
 
 9
 (e) The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226 ... of the Internal Revenue Act of 1954.
 
 
 10
 Twenty-eight U.S.C. Sec. 2402 governs the right to jury trial in actions against the United States. It provides that such actions are not triable to a jury, with the exception of actions brought under Sec. 1346(a)(1), relating to taxes erroneously assessed and collected.
 
 
 11
 Because the Sec. 6226(e)(1) deposit is not a payment of tax, it is not a tax "erroneously or illegally assessed or collected" for purposes of Sec. 1346(a)(1). Therefore, the action in this case was brought under Sec. 1346(e) and was not properly triable to a jury. See Thomas v. United States, 695 F.Supp. 1021, 1022 (E.D.Mo.1988).
 
 
 12
 Jury trials in federal court are governed by Federal Rule of Civil Procedure 39. Section (a) of that rule provides:
 
 
 13
 The trial of all issues so demanded shall be by jury, unless ... (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.
 
 Section (c) of Rule 39 further provides:
 
 14
 In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury....
 
 
 15
 The same rule prohibits jury trials by consent of the parties in cases such as this, i.e., "actions against the United States when a statute of the United States provides for trial without a jury.," Fed.R.Civ.P. 39(c).
 
 
 16
 Hence, while the parties could not convert the proceeding in the district court to a jury trial merely by agreeing to do so, the district judge could have treated the jury verdict as an advisory one and entered judgment based on the jury's verdict, assuming that he also entered independent findings of fact and conclusions of law, as required by Federal Rule of Civil Procedure 52:
 
 
 17
 In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon....
 
 
 18
 Fed.R.Civ.P. 52(a) (emphasis added). See generally Hyde Properties v. McCoy, 507 F.2d 301, 306 (6th Cir.1974) (where no right to jury trial existed, but trial court empaneled jury, jury was held on appeal to be advisory).
 
 
 19
 When the district court fails to provide findings of fact and conclusions of law, our usual procedure is to vacate the judgment and remand the case for such findings. Stone v. Kirk, 8 F.3d 1079, 1090 (6th Cir.1993). At oral argument, attorneys for both parties in this case reminded us that compliance with Rule 52(a) is not a jurisdictional requirement for appeal. See Morelock v. NCR Corp., 546 F.2d 682, 689 (6th Cir.1976), vacated on other grounds, 435 U.S. 911 (1978). In rare instances, we have held that where there is a sufficient basis for the court's consideration of the merits of an appeal, remand of the case is not required simply because of the district court's failure to comply with Rule 52(a). See, e.g., id.
 
 
 20
 The parties urge such a result in this case. The plaintiff's attorney contends that the facts are not in dispute and that the appeal can be decided by resolution of the legal questions alone. Government counsel insists that the question before us is one of fact, not law, but argues that we can divine the district judge's "findings" by parsing his instructions to the jury and interpreting his judgment as an endorsement of the special verdict the jury ultimately returned.
 
 
 21
 We decline both invitations, concluding that the only practical procedure is to remand the case for the entry of findings of fact and conclusions of law in compliance with Rule 52(a). As a result, the reviewing court will have a complete record and, most importantly, will know the correct standard of review to apply.
 
 
 22
 The judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 23
 JOINER, District Judge, concurring in part and dissenting in part.
 
 
 24
 I agree that this case should not have been tried to a jury, and that the district court should have entered findings of fact and conclusions of law under Fed.R.Civ.P. 52(a). I would find the court's error to be harmless, however. As conceded by the taxpayer, the facts are not in dispute, and this court need only decide a question of law: whether the taxpayer's $9.7 million expenditure to create the plateau on which Meadowbrook Mall was built is depreciable. There is no need to remand this case to the district court, because the answer to this question is no.
 
 
 25
 Depreciation is permitted to reflect that tangible property has a finite useful life due to wear and tear, exhaustion or obsolescence. 26 U.S.C. Sec. 167. Accordingly, the allowance does not apply to land, apart from improvements or physical development added to it. Treas.Reg. Sec. 1.167(a)-2. The record here demonstrates that the taxpayer changed the natural configuration of 100 acres of mountainous land to construct a plateau, on which it then was able to erect a shopping mall and paved parking lots. The project engineer and architect, testifying on behalf of the taxpayer, agreed that none of the work performed to create the plateau would have to be repeated if a similar project were to be constructed on the site in the future. When a developer literally moves a mountain to construct a building, the results of his efforts are permanent and legally should be regarded as such. Under both case law and IRS revenue rulings, the changes effected here were inextricably associated with the land itself, or, put another way, not intimately related to the construction for which they were made. E.g., Southern Natural Gas Co. v. United States, 412 F.2d 1222 (Ct.Cl.1969); Aurora Village Shopping Center v. Commissioner, 29 T.C.M. (CCH) 126 (1970); Rev.Rul. 80-93, 1980-1 C.B. 50; Rev.Rul. 65-265, 1965-2 C.B. 52.
 
 
 26
 Based on the record presented, I would affirm the district court's judgment.
 
 
 
 . The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.