# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2012

No. 11-41311
c/w No. 12-40908

Lyle W. Cayce
Clerk

MYMAIL LIMITED, A TEXAS LIMITED PARTNERSHIP,

Plaintiff-Appellant

v.

COMMISSIONER OF THE INTERNAL REVENUE SERVICE,

Defendant-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-273

Before STEWART, Chief Judge, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff MyMail appeals the district court's grant of summary judgment for the Commissioner of the Internal Revenue Service ("Commissioner") and the district court's denial of MyMail's motion to supplement the record on appeal. The district court found there was no genuine issue of material fact and held the United States was entitled to judgment as a matter of law. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41311
c/w No. 12-40908

denied MyMail's motion to supplement the record on appeal. For the following reasons, we AFFIRM.

The Commissioner sent a Notice of Final Partnership Administrative Adjustment ("FPAA") to MyMail (a limited partnership), adjusting partnership-level items on MyMail's 2005 income tax return. In the FPAA, the Commissioner increased MyMail's gross receipts by $4,457,054, that portion of a $11,300,000 settlement paid directly to MyMail's attorneys as a contingency fee that MyMail did not report as income.[1] The Commissioner also rejected MyMail's currency fee deduction, which MyMail claimed based on the difference between the face value and market value of coins distributed to its partners. MyMail filed a timely petition in the district court objecting to both of the Commisioner's changes to MyMail's partnership return, arguing it was entitled to two deductions from its $11,300,000 settlement: $4,457,054 for attorney's fees and $3,150,164 for currency fees.

The parties then filed cross motions for summary judgment. MyMail and the Commissioner both represented to the court that there were no material facts in dispute. After mediation the parties submitted an Agreed Partial Judgment to the Court on the attorney's fee issue, agreeing the computational adjustment would be zero for the attorney's fee issue. The parties then submitted the remaining issue through summary judgment.

In support of its motion for summary judgment the Commissioner submitted five exhibits, all authenticated in an affidavit by its own trial counsel: (1) MyMail's 1065 Form reporting as its gross receipts only the net of the litigation proceeds, (2) a copy of wire transfer records showing the transfer of

---

[1] The Commissioner contends the proper tax treatment would have been to report the entire $11,300,000 in gross receipts and then to claim as a business expense the $4,457,054 in attorney's fees. I.R.C. § 162(a) (2006).

No. 11-41311
c/w No. 12-40908

$11,300,000 in litigation proceeds to MyMail (3) MyMail's amended 1065 Form including MyMail's deduction for the "currency fee," (4) the FPAA issued to MyMail for the 2005 tax year, and (5) e-mail correspondence between counsel for the Commissioner's and MyMail's counsel. The Commissioner's trial counsel represented the first four items all came from "IRS administrative files." MyMail did not object to the admission of these exhibits as evidence.

The district court granted summary judgment for the Commissioner on the currency fee issue. MyMail appealed and filed a motion to supplement the record on appeal with the district court. MyMail sought to supplement the record with "gold clause contracts" related to the claimed currency fee deduction. The district court denied MyMail's motion to supplement the record on appeal. MyMail moved for reconsideration of the district court's denial of its motion to supplement the record on appeal. In its motion for reconsideration, MyMail stated there were no factual issues in dispute and the sole issue in dispute was whether MyMail was entitled to a currency fee deduction. In its motion, MyMail submitted the following facts:

> MyMail is a limited partnership established pursuant to Texas law. The Defendant Commissioner ("CIR") asserts, with agreement from MyMail, that in 2005, MyMail settled a patent infringement case with Internet service provider AOL, and the phone companies of AT&T and Verizon. The total amount of this settlement, $11,300,000, was paid to MyMail's patent litigation counsel, a Dallas law firm named McKool Smith. That law firm received a contingency fee of $4,457,054 for representing MyMail in that litigation, and distributed the sum of $6,842,946 by wire transfer to MyMail's bank.

The district court denied MyMail's motion for reconsideration of its order denying MyMail's motion to supplement the record on appeal.

3

No. 11-41311
c/w No. 12-40908

MyMail also filed a motion to supplement the record on appeal with this court. The Commissioner filed an opposition and we denied that motion. During the pendency of its first appeal, MyMail filed a second appeal contending the district court erred in denying MyMail's motion to supplement the record in the first appeal. The Commissioner filed a motion for summary affirmance in the second appeal, and requested the motion be submitted along with the panel in the first appeal. We issued an order consolidating MyMail's second appeal with the first appeal. Therefore, both appeals are now before us.

We review the grant of summary judgment *de novo*, applying the same standard as the district court. *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). We construe facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Id.* A party is entitled to summary judgment only if the evidence in the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). We review a district court's denial of a motion to supplement the record on appeal under the abuse-of-discretion standard. *Performance Autoplex II Ltd. v. Mid–Continent Cas. Co.*, 322 F.3d 847, 854 (5th Cir. 2003).

The only substantive issue on summary judgment was the allowability of MyMail's claimed currency fee deduction. On appeal MyMail does not challenge the court's ruling on the merits; therefore MyMail waived its right to appellate review of that issue and we do not address it here. *Succession of McCord v. Comm'r.*, 461 F.3d 614, 623 n.17 (5th Cir. 2006) (citation omitted) ("[A] party who fails to raise an issue in its brief waives the right to appellate review of that issue"). Even assuming MyMail had not waived its right to appeal the merits of the currency fee deduction issue, courts have long held that such arguments are frivolous. *See, e.g.*, *Mathes v. Comm'r*, 576 F.2d 70, 70-71 (5th Cir. 1978) (citing

4

No. 11-41311
c/w No. 12-40908

*Juilliard v. Greenman (The Legal Tender Cases)*, 110 U.S. 421, 448 (1884)) (holding attempt of taxpayers to reduce their reported income by approximately 40% based on statutes defining the United States dollar as either a specific weight of gold or silver coin was not lawful method for taxpayers to reduce their tax liability).

MyMail's central contention is that the district court erred in granting summary judgment to the Commissioner because the exhibits the Commissioner attached to its motion for summary judgment were improperly authenticated. *See* FED. R. CIV. P. 44; FED. R. EVID. 902. Because MyMail raises this objection for the first time on appeal, MyMail must show the district court's admission of the exhibits was plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To succeed on plain error review MyMail must show (1) the district court made an error (2) that is clear and obvious (3) that affects appellant's substantial rights (4) we should exercise our discretion to correct the error because the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The Commissioner does not allege the exhibits were properly authenticated. The Commissioner instead contends plain error review is irrelevant and unnecessary because the disputed exhibits merely provided underlying documentation for undisputed facts. The Commissioner maintains sufficient evidence corroborating the disputed exhibits exists in the attachments to MyMail's petition, MyMail's motion to supplement the record, and the district court's order entering an agreed partial judgment, to make MyMail's plain error allegation irrelevant.

Even if the district court committed an obvious error by admitting the Commissioner's summary judgment exhibits, we hold the error did not affect My Mail's substantial rights because it did not affect the outcome of the proceedings.

5

*See Puckett*, 556 U.S. at 135.  MyMail alleges the district court could not have granted summary judgment for the Commissioner but for the claimed error. MyMail repeatedly represented to the district court, however, that there is no issue of material fact in dispute and the only issue in dispute is a legal one: whether MyMail is entitled to a "currency fee" deduction.  MyMail cites *Portillo v. Comm'r.*, 932 F.2d 1128 (5th Cir. 1991) for the proposition that IRS forms are insufficient to prove the receipt of business income in tax court proceedings, but unlike in that case the facts regarding MyMail's receipt of business income are not in dispute.   Because MyMail does not allege any of the information in the Commissioner's summary judgment exhibits is false or untrustworthy, remanding this case to the district court to require the Commissioner to authenticate the summary judgment exhibits would not change the outcome of the proceedings.   As such, MyMail failed to show the error affected its substantial rights or that we should correct the error.

Because the "gold clause contracts" MyMail seeks to supplement the record with are not relevant to our disposition of the appeal, we hold the district court did not abuse its discretion by denying MyMail's motion to supplement the record on appeal.[2]

For these reasons, we AFFIRM.

---

[2] After we entered an order consolidating both appeals, MyMail filed a motion to file an opening brief to address its motion to supplement.  Because we have disposed of the consolidated appeal in this opinion, we DENY that motion as moot.