# United States Tax Court

165 T.C. No. 12

RIDDLE AGGREGATES, LLC, ORNSTEIN-SCHULER, LLC, TAX
MATTERS PARTNER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 31104-21.                              Filed December 15, 2025.

————

A partnership subject to the audit and litigation
procedures of the Tax Equity and Fiscal Responsibility Act
of 1982 (TEFRA), Pub. L. No. 97-248, 96 Stat. 324, donated
a conservation easement and claimed a charitable
contribution deduction under I.R.C. § 170. P, the tax
matters partner, timely petitioned this Court challenging
R's Notice of Final Partnership Administrative Adjustment
in which R determined, among others, an accuracy-related
penalty under I.R.C. § 6662(a), (b)(1)–(3), (c), (d), (e),
and (h).

P filed a Motion for Partial Summary Judgment,
citing *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), and
contending that the accuracy-related penalty R determined
under I.R.C. § 6662 is not assessable as a matter of law
because of the application of U.S. Const. amend. VII.

*Held*: U.S. Const. amend. VII does not apply to suits
against the sovereign, and Congress has not otherwise
consented to trial by jury in TEFRA partnership-level
actions.

**Served 12/15/25**

*Held, further*, the "public rights" exception to U.S. Const. amend. VII applies to the accuracy-related penalty under I.R.C. § 6662(a), (b)(1)–(3), (c), (d), (e), and (h).

*Held, further*, the accuracy-related penalty under I.R.C. § 6662(a), (b)(1)–(3), (c), (d), (e), and (h) is not unassessable as a matter of law.

————

*Andrew M. Weiner*, *Michael Todd Welty*, *Lyle B. Press*, *Roland Barral*, *Macdonald A. Norman*, *Armando Gomez*, *Tiernan B. Kane*, *Michael B. Coverstone*, *Daniel B. Wharton*, *William A. Stone III*, *David W. Foster*, *Merima Mahmutbegovic*, *Andrew W. Steigleder*, *Nathaniel S. Pollock*, and *Daniel A. Rosen*, for petitioner.

*Candace M. Williams*, *Peter J. Kuylen*, *Stephen A. Haller*, *Mariah S. Genis*, *H. Barton Thomas*, *John Robert Gordon*, *Alexandra E. Nicholaides*, *Christopher A. Pavilonis*, and *Russell Scott Shieldes*, for respondent.

## OPINION

KERRIGAN, *Judge*: This case is a partnership-level proceeding under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71.[1] Pending before the Court is petitioner's Motion for Partial Summary Judgment (Motion) seeking partial summary judgment that the accuracy-related penalty respondent determined under section 6662[2] is not assessable as a matter of law because of the application of the Seventh Amendment to the U.S. Constitution.[3]

---

[1] Before its repeal by the Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101(a), 129 Stat. 584, 625, TEFRA governed the tax treatment and audit procedures of many partnerships, including Riddle Aggregates, LLC (Riddle Aggregates).

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[3] The Motion also addresses penalties pursuant to sections 6662A and 6663. Because respondent conceded those penalties in a Stipulation of Settled Issues, they will not be discussed further.

*Background*

The following facts are derived from the parties' pleadings and Motion papers. *See* Rule 121(c). This background is stated solely for the purpose of resolving petitioner's Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

For tax year 2017, Riddle Aggregates filed Form 1065, U.S. Return of Partnership Income, claiming a $44,995,000 deduction for a noncash charitable contribution related to the donation of a conservation easement to Atlantic Coast Conservancy, Inc.

Respondent issued a Notice of Final Partnership Administrative Adjustment (FPAA) disallowing the deduction for the contribution of the easement[4] and, as relevant here, determining an accuracy-related penalty pursuant to section 6662(a), (b), (c), (d), (e), and (h).

Riddle Aggregates' tax matters partner, Ornstein-Schuler, LLC (petitioner), timely filed a Petition in this Court seeking readjustment of the items in the FPAA. The principal place of business of Riddle Aggregates was in Alabama when the Petition was filed.

The Motion followed in due course. In its Motion petitioner seeks partial summary judgment that, under the Supreme Court's decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), the "accuracy related penalties at issue here are subject to the constitutional protections under the Seventh Amendment providing a right to a jury trial in suits at common law and under the Article III providing that the judge in such suits enjoy life tenure and salary protection." Petitioner maintains that "[b]ecause the Tax Court does not offer a jury trial and because Tax Court judges are not Article III judges, the Court cannot authorize recovery of the fraud and accuracy penalties at issue here." Petitioner further argues that "the Court should grant summary judgment to Petitioner that the . . . accuracy related penalties Respondent raises here are not assessable as a matter of law, and redetermine the penalties to be zero."

---

[4] Respondent also disallowed $10,000 of Riddle Aggregates' claimed $356,000 noncash charitable deduction of a fee simple interest.

4

*Discussion*

I.	*Summary Judgment Standard*

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 121(a)(2). We view factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts with enough support to show that there is a genuine dispute for trial. Rule 121(c) and (d); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). We find that this case is appropriate for partial summary adjudication.

II.	*Silver Moss Properties, LLC v. Commissioner and Jarkesy*

In its Motion petitioner asserts that, following the Supreme Court's decision in *Jarkesy*, the absence of a right to a trial by jury in this Court and the status of the judges of this Court require that the accuracy-related penalty under section 6662(a), (b)(1)–(3), (c), (d), (e), and (h) for an underpayment due to negligence, substantial understatement of income tax, substantial valuation misstatement, and gross valuation misstatement be held invalid. We disagree.

Recently in *Silver Moss Properties, LLC v. Commissioner*, No. 10646-21, 165 T.C. (Aug. 21, 2025), this Court held that the Seventh Amendment does not apply to suits against the sovereign and that Congress has not otherwise consented to trial by jury in TEFRA partnership-level actions.[5] That holding fully resolves petitioner's claim here. We see no reason to revisit that holding.

---

[5] "It is well settled that there is no right or mechanism to a trial by jury in either this Court or the Court of Federal Claims." *Silver Moss Props., LLC,* 165 T.C., slip. op. at 4–5 (first citing *Mathes v. Commissioner*, 576 F.2d 70, 71–72 (5th Cir. 1978) ("[A] taxpayer who elects to bring his suit in the Tax Court has no right, statutory or constitutional, to a trial by jury."), *aff'g per curiam* T.C. Memo. 1977-220; then citing *Swanson v. Commissioner*, 65 T.C. 1180, 1181–82 (1976); and then citing *Rohland v. United States*, 135 Fed. Cl. 36, 38 (2017)). Additionally, a jury trial is not available in district court for TEFRA partnership-level actions. *Id.* at 5.

Additionally, *Silver Moss* held that the public rights exception to the Seventh Amendment applies to the civil fraud penalty under section 6663(a). *Id.* This conclusion applies with equal force here. Given the holdings in *Silver Moss*, in the light of a long-standing line of authorities from the Supreme Court,[6] we do not find it necessary to belabor the established principle that revenue collection and related penalties have long been recognized as within the public rights exception to the Seventh Amendment.

Petitioner's Motion suggests that petitioner itself fundamentally misapprehends the nature of its own suit. Petitioner largely focuses on circumstances in which the government brought judicial actions seeking monetary awards from taxpayers. But here petitioner sued the government, not the other way around. And it is petitioner who seeks to prevent the government from taking the next step in assessing and collecting administratively the tax the government believes is due from Riddle Aggregates' partners. In this context the analytical framework reflected in petitioner's Motion papers is inapplicable, and the authorities on which petitioner relies are inapposite.

In view of the analysis in *Silver Moss* we see no need to revisit at length historical traditions in tax administration. For completeness, however, we offer a summary overview of the history of accuracy-related penalties.

Section 6662(a) imposes a 20% accuracy-related penalty on underpayment of tax required to be shown on a return. This penalty applies to certain underpayments attributable to negligence or disregard of rules or regulations, substantial understatements of income tax, and substantial valuation misstatements. § 6662(b)(1), (2), and (3). Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of this title," and "disregard" is defined as "any careless, reckless, or intentional disregard." § 6662(c). A substantial understatement of income tax for a noncorporate taxpayer is an understatement exceeding the greater of 10% of tax required to be

---

[6] *See, e.g.*, *Jarkesy*, 144 S. Ct. at 2132; *Helvering v. Mitchell*, 303 U.S. 391, 401 (1938); *Oceanic Steam Navigation Co. v. Stranahan*, 214 U.S. 320, 339–40 (1909); *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. (18 How.) 272, 282–84 (1855); *see also Phillips v. Commissioner*, 283 U.S. 589, 595 (1931) ("The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled." (first citing *Cheatham v. United States*, 92 U.S. 85, 88–89 (1875); then citing *Springer v. United States*, 102 U.S. 586, 594 (1880); and then citing *Hagar v. Reclamation Dist. No. 108*, 111 U.S. 701, 708–09 (1884))).

shown on a return or $5,000. § 6662(d). Section 6662(e) and (h) define substantial valuation and gross valuation misstatements as percentage errors in the value of property listed on a return, with subsection (h) providing an automatic increase to the penalty amount where the misstatement exceeds a threshold percentage.

In *Mitchell* the Supreme Court held that the public rights exception applied to section 293(b) of the Revenue Act of 1928 (Act), ch. 852, 45 Stat. 791, 858, which is the predecessor to the modern-day section 6663(a) fraud penalty. *See Silver Moss Props., LLC*, 165 T.C., slip. op. at 13–14. The Supreme Court went beyond discussion of the fraud penalty in Act § 293(b), however, concluding more broadly that Act § 293(a), which is the predecessor to the modern section 6662 negligence penalty,[7] was, alongside the other additions to tax included in Supplement M of the Revenue Act of 1928, likewise "[o]bviously" intended by Congress to be "civil incidents of the assessment and collection of the income tax." *Mitchell*, 303 U.S. at 405.

In 1989 Congress combined the accuracy-related penalties into section 6662[8] and moved the fraud penalty into its own section 6663 under OBRA 89 § 7721, 103 Stat. at 2395. Congress wanted to "consolidate[] into one part of the Internal Revenue Code all of the generally applicable penalties relating to the accuracy of tax returns" including the "negligence penalty, the substantial understatement penalty, and the valuation penalties." H.R. Rep. No. 101-386, at 652 (1989) (Conf. Rep.), *reprinted in* 1989 U.S.C.C.A.N. 3018, 3255.

Although the fraud penalty and the accuracy-related penalty were now separate, the bill did not alter any substantive parts of the accuracy-related penalty, but instead "coordinated [them] with the fraud penalty" and simply "reorganize[d] [them] into a new structure that operates to eliminate any stacking of the penalties." *Id.* As a result, section 6662 came to operate as an umbrella penalty applicable to "any

---

[7] *See* Revenue Act of 1926, ch. 27, § 275(a), 44 Stat. 9, 57; Revenue Act of 1928, ch. 852, § 293(a), 45 Stat. 791, 858; Internal Revenue Code of 1954, ch. 736, § 6653(a), 68A Stat. 3, 822; Omnibus Budget Reconciliation Act of 1989 (OBRA 89), Pub. L. No. 101-239, § 7721, 103 Stat. 2106, 2395.

[8] Congress created the substantial understatement of liability penalty in 1982 as section 6661 under TEFRA § 323, 96 Stat. at 614. The predecessor to section 6662(e) was created by the Economic Recovery Tax Act of 1981, Pub. L. No. 97-34, § 722, 95 Stat. 172, 341; *see also* H.R. Rep. No. 97-201, at 243 (1981), *as reprinted in* 1981-2 C.B. 352, 398. Section 6662(h) was created as a new separate subsection in OBRA 89 § 7721(a), 103 Stat. at 2395.

portion of an underpayment of tax required to be shown on a return," listing subsections any one of which would trigger the umbrella penalty. OBRA 89 § 7721, 103 Stat. at 2395.

Throughout the history of the revenue law, Congress has amended the text and location of the negligence penalty and other grounds for the accuracy-related penalty. From the enactment of section 275(a) in 1926 to section 6653(a) in 1954 to section 6662(a) in 1989, *see supra* note 7, we do not find any substantive changes to the text of the negligence penalty. That shows that its underlying purpose or nature, first described as "civil incidents of the assessment and collection of the income tax" by the Supreme Court in *Mitchell*, 303 U.S. at 405, remains the same. Courts after *Mitchell* recognized and reinforced this conclusion. The U.S. Court of Appeals for the Ninth Circuit concluded that section 6653(a) of the Internal Revenue Code of 1954, 68A Stat. at 822, predecessor to modern section 6662(c), alongside the substantial understatement penalty, then section 6661 and today section 6662(d), was "purely revenue raising because they serve only to deter noncompliance with the tax laws by imposing a financial risk on those who fail to do so." *Little v. Commissioner*, 106 F.3d 1445, 1454 (9th Cir. 1997) (first citing *Licari v. Commissioner*, 946 F.2d 690, 692 (9th Cir. 1991), *aff'g* T.C. Memo. 1990-4; and then citing *Karpa v. Commissioner*, 909 F.2d 784, 786 (4th Cir. 1990), *aff'g* T.C. Memo. 1989-535), *aff'g* T.C. Memo. 1993-281.

Finally, petitioner contends that the penalty at issue in this case is similar to the Foreign Bank and Financial Accounts (FBAR) penalty addressed in *United States v. Schwarzbaum*, 127 F.4th 259 (11th Cir. 2025).[9] In *Schwarzbaum*, the Eleventh Circuit concluded that the FBAR penalty is a fine within the meaning of the Eighth Amendment's excessive fine clause. *Id.* at 278. Specifically, petitioner argues that the FBAR penalty and the section 6662 penalty at issue here are similarly penal and not remedial.

That case is not on point because it deals with the FBAR penalty and the application of the Eighth Amendment, not the Seventh Amendment. The holding in *Little v. Commissioner*, 106 F.3d at 1454–55, which concluded that the negligence penalty under section 6653 and the substantial understatement penalty under section 6661 were not penal but were instead remedial and related to the "government's

---

[9] Absent a stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Eleventh Circuit. *See* § 7482(b)(1)(E).

fundamental interest in raising revenue," refutes petitioner's argument that the section 6662 penalties are punitive.

Accordingly, we conclude that the accuracy-related penalty under section 6662(a), (b)(1)–(3), (c), (d), (e), and (h) is related to the collection of revenue and therefore falls squarely within the public rights exception. *See Silver Moss Props., LLC*, 165 T.C., slip op. at 15.

III.    *Conclusion*

For the reasons stated above, we will deny petitioner's Motion for Partial Summary Judgment.

We have considered all other arguments made by the parties and to the extent not discussed above, we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate order will be issued.*