**Gary Lewis SPARROW, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 84–1238.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 3, 1984.

Decided Nov. 21, 1984.

Peter R. Stromer, Los Gatos, Cal., on brief, for appellant.

Joan I. Oppenheimer, Tax. Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, Tax Div., Dept. of Justice, Washington, D.C., on brief), for appellee.

Before WINTER, Chief Judge, WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge.

HARRISON L. WINTER, Chief Judge:

Taxpayer, who in 1980 received wages of $21,464 from the Marine Corps Air Station, petitioned the Tax Court to redetermine a claimed deficiency in his income taxes for 1980. He asserted that because he was a member of a religious order who had taken a vow of poverty and had engaged in secular employment at the direction of his eccle-

siastical superiors as an agent of that order, his earnings were nontaxable. Although taxpayer, through his attorney, advised counsel for the Commissioner that neither the attorney nor taxpayer would appear at trial to present any proof and neither did appear, taxpayer filed a motion for summary judgment professing his claimed tax-exempt status and asserting that the Tax Court lacked jurisdiction under *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) to adjudicate his constitutional claims. When taxpayer did not appear at trial, the Tax Court granted the Commissioner's motion to dismiss the case and sustain the deficiency and addition to tax determined by the Commissioner.

Taxpayer appeals to us contending that the Tax Court lacked jurisdiction to adjudicate his claim of tax exemption and that it applied an incorrect standard in sustaining an addition to tax. We affirm the judgment of the Tax Court and grant the Commissioner's request to impose sanctions for bringing a frivolous appeal.

## I.

■ Absent proof of the religious order in which taxpayer claimed membership, the oath he allegedly had taken and the agency relationship he asserted to exist, taxpayer's claim of tax exemption is patently frivolous. Similarly, the myriad of authorities sustaining the constitutionality of the Tax Court, *see, e.g., Knighten v. Commissioner*, 705 F.2d 777 (5 Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983); *Ginter v. Southern,* 611 F.2d 1226 (8 Cir.1979), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980); *Martin v. Commissioner,* 358 F.2d 63 (7 Cir.), *cert. denied,* 385 U.S. 920, 87 S.Ct. 231, 17 L.Ed.2d 144 (1966), and deciding that *Northern Pipeline* does not suggest a contrary conclusion, *see, e.g., Simanonok v. Commissioner,* 731 F.2d 743 (11 Cir.1984); *Redhouse v. Commissioner,* 728 F.2d 1249 (9 Cir.1984), demonstrate that taxpayer's jurisdictional argument is lacking in merit. We therefore affirm the judgment of the Tax Court.

## II.

■ Rule 38, F.R.App.P., authorizes us to award "just damages and single or double costs to the appellee," when we conclude that an appeal is frivolous. That authority is reinforced by 28 U.S.C. § 1912 which gives us power, when we affirm a judgment, to "adjudge to the prevailing party just damages for his delay, and single or double costs."

We think that this is an appropriate case to exercise the authority vested in us by Rule 38. While, in the abstract, taxpayer's unmeritorious argument that the Tax Court since *Northern Pipeline* had no jurisdiction to decide his constitutional claim of tax exemption might not be deemed frivolous, since neither we nor some other circuits had decided the question, it is frivolous on the record on which he raises it. Taxpayer, although represented by counsel, presented no proof at trial in the Tax Court. He made no factual showing that the issues were actually present in his case. In support of his motion for summary judgment, he offered an affidavit by a law corporation obviously without personal knowledge of the facts giving rise to the issue and not competent to testify, despite the requirements of Tax Court Rule 121(d) that affidavits supporting a motion for summary judgment "be made on personal knowledge ... and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In short, we can only conclude that taxpayer abused the processes of the Tax Court and of our court and that he should be penalized for his actions.

We direct that taxpayer pay double costs and attorneys' fees. Costs and attorneys' fees shall be assessed in the first instance by the Clerk of this court on verified submissions by the parties or by counsel. Either party dissatisfied by the Clerk's determination, upon written application therefor,

may obtain review by the court on the papers without oral argument.

AFFIRMED; SANCTIONS IMPOSED.