Donald H. MATHES, Appellant,

v.

COMMISSIONER OF
INTERNAL REVENUE.

No. 84-5456.

United States Court of Appeals,
District of Columbia Circuit.

April 18, 1986.

Donald H. Mathes, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., U.S. Dept. of Justice, Michael L. Paup and Gary R. Allen, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before GINSBURG, SCALIA and BUCKLEY, Circuit Judges.

Opinion for the Court filed by Circuit Judge SCALIA.

SCALIA, Circuit Judge:

Donald H. Mathes appeals from an order of the Tax Court dismissing his petition for failure properly to prosecute. The appeal is utterly frivolous and "merit[s] public attention only as [an] illustration[ ] of irresponsible appellate practice deserving of sanction." *Granzow v. Commissioner*, 739 F.2d 265, 267 (7th Cir.1984).

I

In 1981, Mathes and his wife, Patricia Marie Mathes, filed a joint tax return for 1980 in which they excluded from gross income almost $60,000 in wages. In a statement filed with the return, Mr. and Mrs. Mathes claimed that wages did not constitute "income" subject to taxation under the United States Constitution. Not surprisingly, on audit the Commissioner determined that the Matheses were indeed required to pay tax on their wages and issued a notice of deficiency.

Mathes brought suit in the United States Tax Court, seeking a redetermination of the deficiency. In his petition (as later amended) Mathes alleged, *inter alia*, that "neither he nor his wife was a person required to pay an income/excise tax or to prepare and file a return." In attachments to the petition, Mathes argued, *inter alia*, that wages are received in exchange for labor of equal value and therefore result in no taxable gain; that the IRS has "little or no jurisdiction over either the wages, in-

come or persons of either the Petitioner or his wife or his children"; and that only employees of federal or state government are subject to the income tax. Much of Mathes's petition, and of his other filings, consisted of irrelevant polemic such as the following:

> The IRS is the "master" and the citizen must be the "obedient slave." The taxpayer can hope only for a few "crumbs" of mercy from his IRS "master"—after all every parasite must keep his host healthy enough to provide a continuing source of "blood to suck."

At the time Mathes filed his petition in the Tax Court, he had obtained employment abroad and moved to Norway. Nevertheless, Mathes requested that his trial take place in Houston, Texas. The Tax Court granted his request on November 29, 1982.

On April 21, 1983, the Commission moved for partial summary judgment. In opposing the Commissioner's motion, Mathes argued again that wages are not income and that he was not within the jurisdiction of the IRS. In addition, Mathes argued that no tax was due on his wages because he had been paid in Federal Reserve notes— an argument Mathes knew to be meritless because he had been told so when previously litigating the issue before the Tax Court, see Mathes v. Commissioner, 46 Tax Ct. Mem.Dec. (P–H) ¶ 77,220, at 77–922 (July 14, 1977), and on appeal before the Fifth Circuit, see Mathes v. Commissioner, 576 F.2d 70, 71 (5th Cir.1978). Likewise, Mathes asserted a right to jury trial even though he had been informed by the Fifth Circuit, as other tax protesters have been told repeatedly, that "[t]he law is ... clear that a taxpayer who elects to bring his suit in the Tax Court has no right, statutory or constitutional, to a trial by jury." Mathes, 576 F.2d at 71–72.

On August 9, 1983, the Tax Court granted the Commissioner's motion and directed Mathes to file, on or before September 9, 1983, a proper amended petition limited to the issues on which summary judgment had not been granted. The Court warned Mathes that failure to file on time could result in dismissal of the remainder of his case. By order of September 26, the Tax Court extended the deadline to October 27; and on November 7, the Tax Court once again extended the deadline, this time to December 22. Both extensions were necessitated by Mathes's repeated failure to comply with the terms of the August 9 order. In the meantime, Mathes had been informed that his case was set for trial on February 28, 1984, in Houston.

By mail posted in Norway on December 22—and therefore received one week after the twice-extended deadline—Mathes submitted his amended petition (which was nevertheless accepted by the Tax Court) and asked that his trial be delayed because his employment in Norway had been extended, making it inconvenient for him to return to the United States at the present time. The Tax Court calendared Mathes's motion for hearing on February 28 in Houston. On February 2, Mathes reiterated his request for a continuance and moved to enjoin the Commissioner from seeking dismissal of his petition. The February 2 motion was also calendared for February 28.

Mathes neither appeared in court on February 28 nor engaged counsel to pursue his request for a continuance or proceed to trial. The Tax Court denied the pending motions and, at the request of the Commissioner, dismissed the suit for failure properly to prosecute. Mathes appeals that dismissal.

II

■ This appeal is frivolous. It is abundantly clear from the record that the Tax Court did not abuse its discretion in dismissing the case. Throughout the proceedings, the Tax Court showed remarkable patience in diligently attempting to discern whether Mathes's arguments had any shred of merit, in indulgently granting re-

quests for time extensions, and in accepting Mathes's tardy filing. On the day his case was scheduled for hearing, neither Mathes nor counsel engaged by him appeared. The Tax Court was not obliged to hold this case in abeyance (and thereby delay collection of the assessed tax) pending the distant and as yet undetermined time when Mathes might decide to resume residence in the United States. And even if it were obliged to do so, it was entitled to demand that Mathes or his representative appear to argue the pending motions.

Mathes argues before us that dismissal of his petition was inappropriate because, *inter alia,* the Tax Court had a "staggering number of detailed issues to resolve." Brief for Appellant at 1. The substantive merits of a claim are of course irrelevant to the propriety of a dismissal for failure to prosecute—but the irrelevance of the 57 "detailed issues" listed by Mathes is in any event exceeded by their absurdity. As part of his "7th Issue," Mathes alleges that he is entitled to a jury trial, although, as we noted above, Mathes was informed by the Fifth Circuit that he has no such right. Mathes's "55th Issue" is entitled "Federal Reserve Notes Are Not Dollars By Law," which is apparently a revival of the same ludicrous argument the Fifth Circuit rejected. We are not certain what to make of Mathes's "30th Issue—IRS Makes War On Citizens" or his "57th Issue—Tax Slavery." The remainder of Mathes's brief consists in large part of "arguments against the income tax which have been put to rest for years." *Parker v. Commissioner,* 724 F.2d 469, 472 (5th Cir.1984). Cases rejecting claims identical to many of those made by Mathes, and in some instances characterizing those claims as "patently frivolous," "preposterous and nearly silly," "baseless," or "ludicrous," include *Charczuk v. Commissioner,* 771 F.2d 471, 472–75 & n. 3 (10th Cir.1985); *Sauers v. Commissioner,* 771 F.2d 64, 68–69 & n. 6 (3d Cir. 1985); *Martin v. Commissioner,* 756 F.2d 38, 40 (6th Cir.1985); *Lonsdale v. Commissioner,* 661 F.2d 71, 72 (5th Cir.1981).

## III

For Mathes, the frivolous nature of this appeal is not an aberration. On at least four previous occasions, he has ventured into court on tax matters. *See Mathes v. Commissioner,* 50 A.F.T.R.2d (P–H) ¶ 82–5233 (S.D.Tex. May 27, 1982); *Mathes v. Scott,* 40 A.F.T.R.2d (P–H) ¶ 77–5242 (S.D. Tex. Sept. 9, 1977); *Mathes v. Commissioner,* 46 Tax Ct. Mem.Dec. (P–H) ¶ 77,220 (July 14, 1977), *aff'd,* 576 F.2d 70 (5th Cir. 1978); *Mathes v. Commissioner,* 63 T.C. 642 (1975). In none of these cases was he successful and in none of them, as far as we can discern, did he present arguments with even a wisp of merit. In one illustrative case, Mathes sued a judge of the Tax Court and an attorney employed by the IRS for violating his constitutional rights. He alleged that during a hearing in one of his earlier frivolous lawsuits the judge and the attorney had been "discourteous to Plaintiff and acted in a 'snide, capricious and defamatory manner,' in refusing to answer his demand that they acknowledge that the Constitution is the supreme law of the land." *Mathes,* 40 A.F.T.R.2d at 77–5855.

Federal courts of appeals have the means to deal with obstructive and vexatious litigation. Rule 38 of the Federal Rules of Appellate Procedure states that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Similarly, 28 U.S.C. § 1912 (1982) states that "[w]here a judgment is affirmed by … a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." (While this provision "speak[s] of 'damages for delay,' the courts of appeals quite properly allow damages, attorney's fees, and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay." Fed.R. App.P. 38 advisory committee note (collecting cases).) Finally, in the specific context of appeals from the Tax Court, we have "power to impose damages in any case where the decision of the Tax Court is

affirmed and it appears that the notice of appeal was filed merely for delay." 26 U.S.C. § 7482(c)(4) (1982). Cases from other circuits sanctioning taxpayers for pursuing frivolous appeals include the following: *Eicher v. United States,* 774 F.2d 27, 30 (1st Cir.1985) (*pro se* appellant assessed double costs); *Paulson v. United States,* 758 F.2d 61, 62 (2d Cir.1985) (*pro se* appellant assessed double costs and reasonable attorneys' fees); *United States v. Isenhower,* 754 F.2d 489, 490 (3d Cir.1985) (tax protester, in *pro se* appeal from criminal conviction, ordered to show cause why damages and single or double costs should not be imposed); *Sparrow v. Commissioner,* 748 F.2d 914, 915–16 (4th Cir.1984) (appellant assessed double costs and attorneys' fees); *Crain v. Commissioner,* 737 F.2d 1417, 1418 (5th Cir.1984) (*pro se* appellant assessed double costs and $2000 "damage award"); *Martin v. Commissioner,* 756 F.2d 38, 40–41 (6th Cir.1985) (*pro se* appellant assessed double costs); *United States v. Ekblad,* 732 F.2d 562, 563–64 (7th Cir.1984) (*pro se* appellant assessed double costs and reasonable attorneys' fees); *Hayward v. United States Tax Court,* 762 F.2d 706, 707 (8th Cir.1985) (*pro se* appellant assessed double costs and attorneys' fees); *Ryan v. Bilby,* 764 F.2d 1325, 1328–29 (9th Cir.1985) (*pro se* appellant assessed double costs); *Clark v. Commissioner,* 744 F.2d 1447, 1448 (10th Cir. 1984) (*pro se* appellant assessed double costs and attorneys' fees); *Fortney v. United States,* 774 F.2d 445, 446 (11th Cir. 1985) (*pro se* appellant assessed double costs).

We think similar action is called for here.

\*   \*   \*   \*   \*   \*

■ The judgment of the Tax Court is affirmed and appellant is assessed double costs and reasonable attorneys' fees. The Commissioner shall file with this court within 14 days of the issuance of this opinion a submission as to the expenses he has incurred in litigating this frivolous appeal.

*So ordered.*