Talley R. HOLMES, Jr., et al., Appellants

v.

DISTRICT OF COLUMBIA, et al.

No. 85–5005.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 22, 1986.

Decided Sept. 12, 1986.

Dennis M. Hart, Washington, D.C., for appellants.

William J. Earl, with whom John H. Suda and Charles L. Reischel, Washington, D.C., were on the brief, for appellees.

Before WALD, Chief Judge, and SCALLIA and STARR, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This appeal is the latest in a series of legal actions in which Talley R. Holmes, Jr., has unsuccessfully challenged the manner in which the District of Columbia has enforced the District Housing Regulations against his properties. *See Holmes v. Dis-* trict of *Cólumbia Department of Consumer & Regulatory Affairs*, Civil No. 84–1670 (D.C. Oct. 24, 1985) (affirming decision of the District of Columbia Board of Appeals and Review sustaining finding that Mr. Holmes had violated the housing code; rejecting argument that the court had rejected twice before in dismissing earlier suits brought by Mr. Holmes), *cert. denied*, —— U.S. ——, 106 S.Ct. 1462, 89 L.Ed.2d 719 (1986); *Holmes v. District of Columbia Board of Appeals & Review*, Civil No. 80–1447 (D.C. Sept. 30, 1981) (granting motion for voluntary dismissal of Mr. Holmes's petition for review of decision of the Board of Appeals and Review sustaining orders that Mr. Holmes correct housing code violations); *Holmes v. District of Columbia Board of Appeals & Review*, 421 A.2d 27 (D.C.1980) (affirming two decisions of the Board of Appeals and Review, one sustaining an order that Mr. Holmes correct housing code violations, the other sustaining an order denying Mr. Holmes's application for an apartment house license; rejecting argument that the court had rejected once before in dismissing an earlier suit brought by Mr. Holmes), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1369, 67 L.Ed.2d 348 (1981); *Holmes v. District of Columbia*, 418 A.2d 142 (D.C.) (affirming Mr. Holmes's criminal conviction for violations of the Housing Regulations and rejecting contentions that the Housing Regulations were unconstitutionally vague and were enforced so as to deprive Mr. Holmes of property without just, compensation), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 569, 66 L.Ed.2d 470 (1980); *Holmes v. District of Columbia*, No. 2599 (D.C.Super. Ct., Tax Div. Nov. 28, 1978) (dismissing petition for review of tax assessed against Mr. Holmes to pay for repairs made to his property by the District); *Holmes v. District of Columbia*, Civil No. 4484–77 (D.C. Super.Ct. Feb. 22, 1978) (dismissing Counts I through V of amended complaint filed by Mr. Holmes for failure to file an opposition to a motion to dismiss or for summary judgment); *Holmes v. District of Columbia*, Civil No. 4484–77 (D.C.Super.Ct. Mar. 1, 1979) (dismissing Count VI of amended

complaint for failure to state a claim), *aff'd*, No. 79–399 (D.C. May 20, 1980); *Holmes v. District of Columbia*, 354 A.2d 858 (D.C.1976) (affirming Mr. Holmes's conviction for violation of the Housing Regulations); *Holmes v. District of Columbia Board of Appeals & Review*, 351 A.2d 518 (D.C.1976) (affirming Board of Appeals and Review decision sustaining a denial of Mr. Holmes's application for renewal of a license to operate an apartment house).

 The District Court, in a painstakingly thorough opinion, held that all of the arguments advanced by appellants, Mr. Holmes and his mother, I. Theresa Holmes, were barred by the doctrines of res judicata or collateral estoppel, lacked merit, or both. *Holmes v. District of Columbia*, Civil No. 82–953 (D.D.C. Dec. 7, 1984) [Available on WESTLAW, DCTU database]. We agree, and we affirm the District Court's judgment on the basis of its opinion.

 Appellants' principal argument on appeal appears to be that the District Court erred in concluding that many of appellants' arguments were barred by the res judicata or collateral estoppel effect of previous judgments, because those previous cases were incorrectly decided. Appellants also contest the District Court's conclusion that the District's administrative searches of apartments leased by appellants at the request of the tenants who occupied those apartments were lawful, since the fourth amendment protects the tenants in possession of property rather than the lessor; appellants argue that by resting its decision on this legal principle the District Court violated the "axiomatic" principle that "a Fourth Amendment challenge requires a case-by-case analysis of individual facts." Brief for Appellant at 8. These arguments, whether the result of incompetence or intentional misconduct, "fully warrant[ ] the characterization 'frivolous.'" *American Security Vanlines, Inc. v. Gallagher*, 782 F.2d 1056, 1056 (D.C.Cir. 1986) (per curiam). Nor are the various other arguments pressed by appellants on appeal significantly more meritorious.

Therefore, on our own motion and under the authority of Fed.R.App.P. 38 and 28 U.S.C. § 1912 (1982), *see Mathes v. Commissioner*, 788 F.2d 33, 35 (D.C.Cir.1986), we assess double costs and reasonable attorney's fees against Mr. Holmes, who is an attorney and a member of the Bar of the United States District Court for the District of Columbia, *see* Response to Appellant to the Court's Inquiry at Oral Argument and Request for Permission to Submit a Supplemental Brief.

\*     \*     \*     \*     \*     \*

The judgment of the District Court is affirmed, and the appellees shall file with this court within fourteen days of the issuance of this opinion a submission as to the expenses they have incurred in litigating this frivolous appeal.

*So ordered.*