T.C. Memo. 1998-253

UNITED STATES TAX COURT

KENNETH LEE ANDERSON AND CAROL JANE ANDERSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6825-97.                    Filed July 8, 1998.

Kenneth Lee Anderson and Carol Jane Anderson, pro sese.

Christine V. Olsen, for respondent.


MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on
respondent's motion for a partial summary adjudication pursuant
to Rule 121[1] of those issues in this case relating to unreported
compensation, unreported income from the sale of certain real

_____

[1] All Rule references are to the Tax Court Rules of Practice and
Procedure.  All section references are to the Internal Revenue
Code in effect for the years at issue.

property, and the addition to tax under section 6651(a)(1) (respondent's motion).[2]

Background

Petitioners resided in Temecula, California, at the time they filed the petition.

On December 5, 1997, respondent filed a request for admissions with the Court, a copy of which respondent had served on petitioners on December 2, 1997. On January 7, 1998, petitioners filed a response to respondent's request for admissions, a copy of which petitioners had served on respondent on January 2, 1998. That response stated, inter alia:

Admissions OF WHAT?

I request your (DOA) or (TDO) DELEGATION OF AUTHORITY Order from the Secretary of the Treasury.

*   *   *   *   *   *   *

On Feb. 27, 1986 the Federal Register (51 Fed. Reg. 95711) published the following Treasury Department Order No. 150-01:

"The Commissioner shall, to the extent of authority otherwise vested in him, provide for the administration of the United States internal revenue laws in the U.S. Territories and insular possessions and other authorized areas of the world." [These areas include countries with which the U.S. has Tax Treaties in force and DO NOT include the 50 Republic States.]

---

[2] Issues not covered by respondent's motion are whether petitioners (1) have $3,480 of unemployment compensation for 1992, (2) are entitled to any deductions for 1992, 1993, 1994, and 1995 (the years at issue), (3) are subject to self-employment tax for 1992 and 1993, and (4) are liable for the years at issue for the accuracy-related penalty under sec. 6662(a).

On February 2, 1998, respondent filed a second request for admissions with the Court, a copy of which respondent had served on petitioners on January 26, 1998. On March 5, 1998, petitioners filed a response to respondent's second request for admissions, a copy of which petitioners had served on respondent on February 26 and 27, 1998. That response stated, inter alia:

> I/we do not deny, nor have I/we ever denied Articles [paragraphs] 1 through 5 [of respondent's second request for admissions]. Taxes were withheld and paid for the named years. What we are declaring is we received an exchange/compensation for labor and the use of our truck, for services rendered to the below named Companies * * *.

In petitioners' response to respondent's second request for admissions, petitioners acknowledged having received during 1992 and 1993 "compensation for labor" in the amounts and from the companies listed in that request. However, in that response, petitioners did not admit that such compensation was "nonemployee compensation" as described in respondent's second request for admissions, and they denied that they owed self-employment tax.

In an Order dated May 4, 1998, the Court, inter alia, found petitioners' response to respondent's request for admissions to be evasive and totally inadequate, and, consequently, the Court treated that response as a failure to answer or respond to respondent's request for admissions pursuant to Rule 104(d). However, the Court allowed petitioners an opportunity to supplement on or before May 26, 1998, their response to

respondent's request for admissions in such a manner so as to comply with Rule 90(c).  No such supplement was received by the Court from petitioners.  The Court concludes that each matter set forth in respondent's request for admissions is deemed admitted. Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985).

Petitioners have admitted, or are deemed to have admitted pursuant to Rule 90(c), the following facts.  On April 10, 1996, petitioners filed with the Internal Revenue Service a Federal income tax return (return) for each of the years 1992 through 1994.  On a date not disclosed by the record, petitioners timely filed a return for 1995.  The returns for the years 1992 through 1995 listed the occupations of (1) petitioner Kenneth Lee Anderson (Mr. Anderson) as "truck driver" during 1992, 1993, and 1994 and "driver" during 1995 and (2) petitioner Carol Jane Anderson (Ms. Anderson) as "housewife" during 1992 and "clerk" during 1993, 1994, and 1995.  Attached to the returns for the years at issue were Forms W-2 (Wage and Tax Statements) which showed certain amounts of wages as having been paid to petitioners during those years.  The return filed by petitioners for each of the years at issue showed, inter alia, zero amounts of income and claimed refunds of Federal income tax withheld.

During 1992, Mr. Anderson received compensation in the following amounts from the payors indicated:

| Payor | Compensation Received by Mr. Anderson During 1992 |
|---|---|
| Universal Construction Corp. | $200 |
| Valley Welding | 8,109 |
| Rancho Trucking, Inc. | 22,326 |
| American Containers Trans. | 15,012 |

On September 17, 1992, Mr. Anderson sold real property for $275,000.

During 1993, Ms. Anderson received compensation from Temecula Valley Unified Schools of Riverside County and Dedicated Retail Services in the amounts of $1,020.54 and $357.69, respectively.  During that year, Mr. Anderson received compensation in the following amounts from the payors indicated:

| Payor | Compensation Received by Mr. Anderson During 1993 |
|---|---|
| Zip Truck Lines, Inc. | $1,625 |
| American Container Trans. | 29,298 |
| American Container Trans. | 32,935 |
| American Pacific Forwarders, Inc. | 2,590 |
| Envirospectrum, Inc. | 3,330 |
| EMC Production Management, Inc. | 630 |

During 1994, Ms. Anderson received compensation from Murrieta Valley Unified Schools of Riverside County and Temecula Valley Unified Schools of Riverside County in the amounts of $19.97 and $9,595.55, respectively.  During that year, Mr. Anderson received compensation in the following amounts from the payors indicated:

|                             | Compensation Received by |
| Payor                       | Mr. Anderson During 1994 |
| --------------------------- | ------------------------ |
| Petrolane Incorporated      | $22,559.07               |
| Transport Drivers, Inc.     | 7,749.00                 |
| T.B.M. Chemical Transport, Inc. | 2,070.00             |
| Envirospectrum, Inc.        | 2,160.00                 |

During 1995, Ms. Anderson received compensation in the amount of $7,352.76 from Temecula Valley Unified Schools of Riverside County. During that year, Mr. Anderson received compensation in the amount of $38,590.13 from Amerigas Propane, Inc.

## Discussion

Rule 121(b) provides that a partial summary adjudication may be made that does not dispose of all the issues in a case if, inter alia, the pleadings and admissions show that there is no genuine issue of material fact as to those issues on which partial summary adjudication is sought. The moving party, in this case respondent, bears the burden of proving that there is no such genuine issue of material fact. Marshall v. Commissioner, supra at 271.

The facts admitted and deemed admitted in this case establish that petitioners received compensation during the years 1992, 1993, 1994, and 1995 in the amounts of $45,647, $71,786.23, $44,153.59, and $45,942.89, respectively, none of which was reported in the respective returns for those years. We find that all of that compensation is income to petitioners for those

years. Respondent determined that all of that compensation is wage income except (1) $37,338 that Mr. Anderson received during 1992 from Rancho Trucking, Inc. and American Containers Trans. and (2) $66,448 that he received during 1993 from Zip Truck Lines, Inc., America Container Trans., and America Pacific Forwarders, Inc., which respondent determined to be nonemployee compensation income subject to self-employment tax. We sustain respondent's determinations regarding petitioner's wage income for the years 1992 through 1995. However, petitioners denied that they owe any self-employment tax. Consequently, the self-employment tax issue for 1992 and 1993 relating to the compensation that respondent determined to be nonemployee compensation income remains for adjudication, and respondent agrees.

While the facts admitted or deemed admitted in this case establish that during 1992 Mr. Anderson sold real estate for $275,000, they do not show whether or not he had any basis in that real estate and/or paid any commissions or other expenses relating to that sale. Consequently, the issue relating to the gain, if any, for 1992 from that sale remains for adjudication.

The record in this case also shows that petitioners filed their return for each of the years 1992, 1993, and 1994 after the due date for each such return. It does not establish any facts relating to whether such failure to file timely was due to

reasonable cause and not due to willful neglect. Nonetheless, it is clear from petitioners' response to respondent's motion that petitioners contend that they were not required, as a matter of law, to file returns for the years at issue. Such a contention and the reasons therefor which are stated in that response are frivolous and groundless.[3] We find that petitioners are liable for each of the years 1992, 1993, and 1994 for the addition to tax under section 6651(a)(1).

From the time petitioners filed the petition herein through the filing of their response to respondent's motion, they have

---

[3] In petitioners' response to respondent's motion, petitioners assert, inter alia:

Only an "individual" is required to file a tax return (26 USC 6012) and then only under certain circumstances. In looking at Section 7701(a)(30), I/we understand that a "United States Person" as meaning a "citizen of the United States," "resident of the United States." "domestic corporation," "domestic partnership" and a "domestic trust or estate." There is no INDIVIDUAL defined under 7701(a)(30) and therefore I/we cannot be an "individual" within the meaning of 7701(a)(1) and/or 26 USC 6012. Also, the Supreme Court, in the case of Wills vs Michigan State Police, 105 L.Ed.2d 45 (1989) made it perfectly clear that I/we, the sovereigns, cannot be named in any statute as merely a "person," or "any person." I/we are members of the "sovereignty" as defined in Yick Wo vs Hopkins, 118 U.S. 356 and the Dred Scott case, 60 U.S. 393. Therefore I/we want you to know we have filed 1040's with "0's" knowing we are exempt. Therefore, and until you can prove otherwise, I/we are not a "taxpayer," nor an "individual" that is required to file a tax return. Please forward me/us a letter stating that I/we are not liable for any future tax returns, or produce the documentation that requires me/us to file. * * *

persisted in advancing contentions that the Court finds to be frivolous and/or groundless.  In its Order dated January 9, 1998, denying petitioners' motion to dismiss this case, the Court cautioned petitioners that if they "continue to advance frivolous and/or groundless contentions, the Court will be inclined to impose a penalty not in excess of $25,000 on petitioners under section 6673."  Pursuant to section 6673, we will impose a penalty on petitioners in the amount of $10,000.[4]

To reflect the foregoing,

An appropriate order

will be issued.

---

[4]  In the event that petitioners continue to advance groundless and/or frivolous contentions and/or maintain this proceeding primarily for delay, the Court will be inclined to impose an additional penalty under sec. 6673 up to an aggregate amount of $25,000.