T.C. Memo. 1999-325

UNITED STATES TAX COURT

KENNETH LEE ANDERSON AND CAROL JANE ANDERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6825-97.                    Filed September 29, 1999.

Kenneth Lee Anderson and Carol Jane Anderson, pro sese.

<u>Christine V. Olsen</u>, for respondent.

MEMORANDUM OPINION

BEGHE, <u>Judge</u>:  Respondent determined the following
deficiencies in petitioners' Federal income taxes, additions to
tax, and penalties:

| Year | Deficiency | Sec. 6651(a)(1)[1] Addition | Sec. 6662(a) Penalty |
|------|-----------|------------------|---------------|
| 1992 | $95,829 | $23,723 | $18,978 |
| 1993 | 19,503 | 4,738 | 3,790 |
| 1994 | 4,939 | 237 | 189 |
| 1995 | 5,156 | --- | 1,031 |

Respondent has two motions pending before the Court:  Under Rule 121, respondent's motion for summary judgment on all issues remaining unresolved in this case after the Court, in an opinion filed in this case as Anderson v. Commissioner, T.C. Memo. 1998-253, granted partial summary judgment for respondent on some issues raised in respondent's prior motion for partial summary judgment; and, under Rule 53, respondent's motion to dismiss for lack of prosecution.

We shall grant respondent's motion for summary judgment, rendering moot respondent's motion to dismiss.  Sua sponte, we shall require petitioners to pay a penalty of $1,000 under section 6673, to be added to the $10,000 penalty already decided in the Court's prior opinion in this case.

Background

We incorporate herein the background statement and discussion set forth in the Court's prior opinion in this case at T.C. Memo. 1998-253.  In that opinion, the Court granted partial

---

[1] All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

summary judgment for respondent on the basis of deemed admissions by petitioners on the issues of wage income and liability for additions to tax under section 6651(a) for unexcused late filing of their returns.  The Court also decided that a $10,000 penalty would be imposed on petitioners under section 6673 for advancing frivolous and groundless contentions.  However, the Court concluded that it would not be appropriate on the then existing record to grant summary judgment in favor of respondent on the self-employment tax issue for 1992-93 and the gain from the sale of real estate and commissions and expenses on the sale.  Other issues raised in the statutory notices of deficiency that were not covered by the original motion for summary judgment were whether petitioners received taxable unemployment compensation of $3,480 during 1992, whether petitioners had $275,000 of cancellation of indebtedness income in connection with the sale of real estate, and the accuracy-related penalties and deductions for 1992-95.

On December 31, 1998, following issuance of the order pursuant to the Court's prior opinion in this case, the Court served on the parties its notice setting this case for trial at the Court's San Diego, California, trial session scheduled to begin June 7, 1999.

On March 22, 1999, the Court received Respondent's Third Request for Admissions, attached to which was a Certificate of

Service showing that, on March 16, 1999, respondent served Respondent's Third Request for Admissions on petitioners at 12009 Kiowa Road, Apple Valley, CA 92307 (the Apple Valley address). Because petitioners' address as shown on the Court's records was different from that used by respondent, the Court, by order dated March 23, 1999, filed Respondent's Third Request for Admissions as of the date of the Court's order and served that request on petitioners at the address shown on the Court's records, 12759 Foothill Blvd., C-178, Rancho Cucamonga, CA 91739 (the Rancho Cucamonga address). The Court further ordered petitioners, by April 13, 1999, to notify the Court in writing of their current address, and, by April 23, 1999, to "serve upon respondent their responses to Respondent's Third Request for Admissions".

Respondent's Third Request for Admissions sets forth the following requested admissions:

1. In 1990, petitioner Kenneth Anderson purchased a residence at 1639 Calmin Drive, Fallbrook, California [hereinafter referred to as the Calmin Drive property].

2. With respect to the purchase of the Calmin Drive property, petitioner Kenneth Anderson executed a note and a deed of trust.

3. On February 10, 1992, a Notice of Default was recorded with respect to the Calmin Drive property.

4. On June 8, 1992, a trustee's sale was held with respect to the Calmin Drive property.

5. At the time of the trustee's sale, petitioner Kenneth Anderson's outstanding balance on his loan on the Calmin Drive property was $331,831.

6.  As a result of the foreclosure of the Calmin Drive property, petitioner Kenneth Anderson received relief of indebtedness income in the amount of $275,000 during 1992.

7.  Petitioners have not provided any information or documentation establishing Kenneth Anderson's basis in the Calmin Drive property.

8.  Petitioners have not provided any information or documentation establishing that they were insolvent at the time of the Trustee's sale of the Calmin Drive property.

9.  Petitioners have not presented any information or documentation establishing that they are entitled to any deductions for the year 1992.

10.  Petitioners are not entitled to any deductions for the year 1992.

11.  Petitioners have not presented any information or documentation establishing that they are entitled to any deductions for the year 1993.

12.  Petitioners are not entitled to any deductions for the year 1993.

13.  Petitioners have not presented any information or documentation establishing that they are entitled to any deductions for the year 1994.

14.  Petitioners are not entitled to any deductions for the year 1994.

15.  Petitioners have not presented any information or documentation establishing that they are entitled to any deductions for the year 1995.

16.  Petitioners are not entitled to any deductions for the year 1995.

17.  Petitioner Kenneth Lee Anderson received unemployment compensation in the amount of $3,480 during 1992.

18. Petitioner Kenneth Lee Anderson is subject to self-employment tax for 1992 and 1993.

19. Petitioners are liable for the accuracy-related penalty under I.R.C. § 6662(a) for the year 1992.

20. Petitioners are liable for the accuracy-related penalty under I.R.C. § 6662(a) for the year 1993.

21. Petitioners are liable for the accuracy-related penalty under I.R.C. § 6662(a) for the year 1994.

22. Petitioners are liable for the accuracy-related penalty under I.R.C. § 6662(a) for the year 1995.

Petitioners did not file a response to Respondent's Third Request for Admissions within the 30-day period required by Rule 90(c) or at any time thereafter.

On April 14, 1999, the copies of the Court's March 23, 1999, order and Respondent's Third Request for Admissions, which the Court had attempted to serve on petitioners at the Rancho Cucamonga address, were returned with a Postal Service stamp stating: "Return to Sender  Not at this address  No Forwarding Address".

On May 3, 1999, respondent filed a motion for summary judgment, supporting memorandum of law, and attorney's declaration.  By order dated May 4, 1999, the Court ordered petitioners, by May 19, 1999, to file a written response to respondent's motion for summary judgment and to serve a copy of

their written response on respondent. The copy of the Court's May 4, 1999, order, which the Court attempted to serve on petitioners by Certified Mail, at the Rancho Cucamonga address, was returned by the Postal Service stamped: "Return to Sender Attempted - Not Known". On May 19, 1999, the Court re-served its May 4, 1999, order on petitioners at the Apple Valley address. The Court assumes that service of its order on petitioners was completed because no return mail has been received. The Court received no response from petitioners to respondent's motion for summary judgment or the Court's May 4, 1999, order.

On June 7, 1999, when this case was called from the trial calendar at the Court's San Diego, California, trial session, petitioners did not appear. On June 14, 1999, when this case was recalled from the Court's calendar, respondent filed a motion to dismiss for lack of prosecution. Respondent's motion to dismiss states, among other things, that, when respondent attempted to serve petitioners with copies of respondent's motion for summary judgment and supporting memorandum of law at the Rancho Cucamonga address and the Apple Valley address, both envelopes were returned "marked 'RETURN TO SENDER' and indicated petitioners were no longer at the address." Respondent's motion also states that directory assistance in Rancho Cucamonga has a listing for a Kenneth Anderson, but that, by the subscriber's request, this listing is unpublished.

In an order dated June 29, 1999, the Court changed petitioners' address on its records to the Apple Valley address, ordered petitioners, on or before July 30, 1999, to file written responses to respondent's May 3, 1999, motion for summary judgment and respondent's June 14, 1999, motion to dismiss, and ordered that there be served on petitioners by both certified mail and first class mail copies of that order, the Court's orders of March 23 and May 4, 1999, respondent's Third Request for Admissions, respondent's May 3, 1999, motion for summary judgment, and respondent's June 14, 1999, motion to dismiss. The Court received no return mail of its order of June 29, 1999, and petitioners have filed no response thereto. Nor have petitioners otherwise filed any document or made any other attempt to get in touch with the Court since filing their last response to respondent's prior motion for partial summary judgment that the Court, in Anderson v. Commissioner, T.C. Memo. 1998-253, found to be the culmination of a pattern of making frivolous and groundless arguments that prompted the Court to decide to impose the $10,000 penalty described and explained in that opinion.

Discussion

Issue 1. Dismissal v. Summary Judgment

This Court, like every court, has the inherent power, in the exercise of its discretion, to dismiss a case for want of prosecution. Link v. Wabash R.R., 370 U.S. 626, 629-632 (1962)

(failure of counsel with history of dilatory conduct of case to appear at pretrial conference); Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132, 134 (4th Cir. 1988) (failure to obey numerous court orders); Ducommun v. Commissioner, 732 F.2d 752, 754 (10th Cir. 1983), affg. Orders of this Court (failure to comply with subpoena duces tecum or to settle or enter into meaningful stipulation of facts); Harper v. Commissioner, 99 T.C. 533, 540 (1992) (failure to comply with discovery requests and orders or to prepare for trial); Levy v. Commissioner, 87 T.C. 794, 803 (1986) (failure to stipulate facts or to prepare for trial).

The legal standard for involuntary dismissals under Federal Rule of Civil Procedure 41(b) governs dismissals in the Tax Court under our Rule 123(b). Freedson v. Commissioner, 565 F.2d 954, 954-955 (5th Cir. 1978), affg. 67 T.C. 931 (1977) and 65 T.C. 333 (1975); Harper v. Commissioner, supra at 540; Explanatory Note to Rule 123(b), 60 T.C. 1129-1130.

We have dismissed, for failure properly to prosecute, the cases of taxpayers who made arguments that we found frivolous or groundless. McCoy v. Commissioner, 76 T.C. 1027, 1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983) (frivolous and groundless arguments, but also failure to respond to interrogatories and to produce requested documents); cf. May v. Commissioner, 752 F.2d 1301, 1303-1304 (8th Cir. 1985), affg. an Order of this Court

(frivolous and groundless arguments, including denial that wages are income; dismissal for failure to state a claim).  However, in Mathes v. Commissioner, 788 F.2d 33, 34 (D.C. Cir. 1986), affg. on other grounds an Order of this Court, Justice (then Judge) Scalia expressed the view that the mere weakness of a party's arguments can never by itself justify dismissal for failure to prosecute--"The substantive merits of a claim are of course irrelevant to the propriety of a dismissal for failure to prosecute"--and affirmed our order to dismiss for failure to prosecute not because the taxpayer's arguments were frivolous but because he had disobeyed orders and failed to appear at trial.

The Court solicited respondent's motion to dismiss, after petitioners had failed to appear at the calendar call.  On reflection, however, in the exercise of our discretion, we shall address and dispose of the substantive issues in the case on the basis of respondent's motion for summary judgment.

Rule 121(a) authorizes either party to move for summary judgment on "all or any part of the legal issues in controversy".  Rule 121(b) requires the opposing party to file a written response "within such period as the Court may direct" and provides that decision shall be rendered in favor of the moving party "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that a decision may be rendered as a matter of law."  Rule 121(b); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Respondent's Third Request for Admissions covers all remaining substantive issues in the case that were not disposed of by the Court's prior opinion Anderson v. Commissioner, T.C. Memo. 1998-253.  Petitioners filed no response thereto within the 30-day period required by Rule 90(c).  Petitioners did not respond to the Court's subsequent orders to respond to respondent's motions, and the opportunities thereby afforded petitioners to move to vacate their deemed admissions if they had shown any desire to provide answers or otherwise dispute the conclusory facts embodied in respondent's Third Request for Admissions.

Each matter set forth in respondent's Third Request for Admissions is deemed admitted.  See Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985).  As a result, respondent has carried his burden of proving that there is no genuine issue of material fact that remains to be decided by the Court.  See Marshall v. Commissioner, supra at 271; see also Fajardo v. Commissioner, T.C. Memo. 1999-308.

It would serve no useful purpose to recount the deemed admitted facts at length; they are set forth supra pp. 4-6. It suffices to say that they cover all matters set forth in the statutory notice of deficiency that were not disposed of by the Court's prior opinion in this case. We therefore hold that, as a result of the foreclosure of the Calmin Drive property, petitioner Kenneth Anderson had cancellation of indebtedness income of $275,000 in 1992. In the absence of the furnishing by petitioners of any information regarding their basis in the Calmin Drive property, the gain determined by respondent on the disposition of the property in 1992 is sustained. In the absence of presentation by petitioners of any information or documentation that they are entitled to deductions for the years 1992-95 inclusive, petitioners are not entitled to any deductions in computing their adjusted gross income or taxable income for those years. Petitioner Kenneth Anderson received unemployment compensation of $3,480 in 1992, and he is subject to self-employment taxes for 1992 and 1993. Finally, petitioners are liable for the accuracy-related penalty under section 6662(a) for each of the years 1992 through 1995.

Issue 2. Section 6673 Penalty

The Court, in its prior opinion in this case, decided to impose a penalty of $10,000 under section 6673 on the grounds of

petitioners' course of conduct in asserting frivolous and groundless arguments.

Following issuance of that opinion and the order that accompanied it, petitioners have gone to ground and have not been heard from since. They have not responded to respondent's Third Request for Admissions or to either of respondent's motions. This has been in the face of the Court's repeated orders to respond to respondent's filings and to the Court's order to furnish their current address. Petitioners' failures to notify the Court of their changes of address are in violation of the Tax Court's Rules of Practice and Procedure, see Rule 34(b)(7), and the Court's order of March 23, 1999. Petitioners did not appear at the call of the calendar for their case at the June 7, 1999, commencement of the Court's San Diego trial session.

In contrast to petitioners' affirmative misconduct during the first phase of this case, leading to the Court's prior opinion and accompanying order, petitioners thereafter, during the second phase of this case, have been guilty of nonfeasance-- passive inactivity--that has nevertheless required the expenditure of administrative and judicial resources to dispose of the case. These costs would not have been incurred if petitioners had simply conceded the remaining issues and signed a decision document that respondent would have been happy to prepare. On the other hand, if petitioners had provided

responsive answers and denials to respondent's Third Request for Admissions, the case could have been settled or tried on the merits, which would have resulted in the Court's exercise of its judicial function in the traditional way.

We conclude, with respect to the second phase of this case, that petitioners' failures to respond and appear have caused the further proceedings herein to have been "maintained by the taxpayer primarily for delay" within the meaning of section 6673(a)(1). We therefore shall require petitioners to pay an additional penalty of $1,000, to be added to the $10,000 penalty previously decided by reason of petitioners' frivolous and groundless arguments with respect to the first phase of this case.

An appropriate order and decision will be entered.